IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-01337-PAB-KLM

KRISTEN GRAESSER,

    Plaintiff,

v.

IQVIA RDS INC., a North Carolina Corporation,

    Defendant.

## ORDER

This matter is before the Court on Defendant's Motion to Stay Pending Ruling on Defendant's Motion to Dismiss [Docket No. 28]. Plaintiff responded, Docket No. 32, and defendant replied. Docket No. 36.

This case arises from plaintiff's departure from her position as an Associate Medical Director working for defendant IQVIA RDS Inc. ("IQVIA"). Docket No. 1 at 3, ¶ 10. Plaintiff was employed by defendant from May 2019 until her voluntary departure in January 2021. *Id.* at 3, 5, ¶¶ 10, 24. Plaintiff alleges that defendant violated the Colorado Wages Claim Act, Colo. Rev. Stat. § 8-4-101 to -124 ("CWCA"), by withholding the salary bonus she earned in 2020. *Id.* at 7, ¶ 37. In the alternative, plaintiff alleges that she is owed a bonus by defendant under the doctrine of promissory estoppel. *Id.* at 7-8, ¶¶ 41-46. On July 16, 2021, defendant filed a motion to dismiss plaintiff's complaint in its entirety. *See* Docket No. 8 at 1. On November 1, 2021, defendant filed a motion to stay this case pending a ruling on its motion to dismiss. *See*

Docket No. 28.

It is well established that a court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). However, the Tenth Circuit has cautioned that "the right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983). Stays of all proceedings in a case are thus "generally disfavored in this District" and are considered to be "the exception rather than the rule." *Davidson v. Bank of Am. N.A.*, No. 14-cv-01578-CMA-KMT, 2015 WL 5444308, at *1 (D. Colo. Sept. 16, 2015). A stay may, however, be appropriate in certain circumstances. In determining whether to grant or deny a stay, courts in this district consider the following factors (the "*String Cheese Incident* factors"): "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

Defendant argues that factors one and two weigh in favor of a stay because defendant will have to spend time and money conducting discovery while a dispositive motion to dismiss is pending. Docket No. 28 at 3. Plaintiff opposes the stay, arguing that her interest weighs strongly against the requested stay and that defendant has failed to demonstrate an undue burden. Docket No. 32 at 3-4.

Because a stay could result in "adverse consequences[,] such as a decrease in evidentiary quality and witness availability[,]" *Clark v. Green Tree Servicing LLC*, No. 13-cv-02646-PAB-MEH, 2014 WL 324566, at *2 (D. Colo. Jan. 29, 2014), the Court finds that the first factor weighs against a stay.  With respect to the second factor, the ordinary burdens associated with litigation do not constitute undue burden.  *See Collins v. Ace Mortgage Funding, LLC*, No. 08-cv-1709-REB-KLM, 2008 WL 4457850, at *1 (D. Colo. Oct. 1, 2008).  Defendant identifies no burden on it besides the time and expense warranted by discovery, and accordingly this factor does not weigh in favor of a stay.

Because the delay caused by a stay "makes the Court's docket less predictable, and hence, less manageable," *Stone v. Vail Resorts Dev. Co.*, No. 09-cv-02081-WYD-KLM, 2010 WL 148278, at *3 (D. Colo. Jan. 7, 2010), factor three weighs against a stay.  The Court is aware of no third parties with interests in this litigation, making factor four neutral.  The only interest the public has in this case is in the speedy resolution of legal disputes.  *Prison Legal News v. Fed Bureau of Prisons*, No. 15-cv-02184-RM-STV, 2017 WL 10619942, at *13 (D. Colo. Feb 23, 2017).

Based on the above factors, and given the general presumption against stays, *see Davidson*, 2015 WL 5444308, at *1, the Court finds that a stay is unwarranted here.  Accordingly, it is

**ORDERED** that Defendant's Motion to Stay Pending Ruling on Defendant's Motion to Dismiss [Docket No. 28] is **DENIED***.*

DATED December 14, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge