IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 1:21-cv-01337-PAB-KLM

KRISTEN GRAESSER,

    Plaintiff,

v.

IQVIA RDS INC., a North Carolina Corporation,

    Defendant.

**ORDER**

This matter is before the Court on Defendant's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) [Docket No. 8]. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

**I.  BACKGROUND**[1]

This case arises from plaintiff's departure from her position as an Associate Medical Director working for defendant IQVIA RDS Inc. ("IQVIA"). Docket No. 1 at 3, ¶ 10. Plaintiff was employed by defendant from May 2019 until her voluntary departure in January 2021. *Id.*, ¶ 10, 24. As defendant's employee, plaintiff was to receive an annual salary along with a yearly bonus "Incentive Plan" payment for the past year that was to be paid at the end of the first quarter of the next year. *Id.*, ¶ 13. Plaintiff was not provided with a written description of how the Incentive Plan would be paid out and her

---

[1] The Court assumes that the allegations in plaintiff's complaint are true in considering the motion to dismiss. *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

communications with defendant on the plan was "almost entirely oral." *Id.*, ¶ 14. Plaintiff believed she would be paid an Incentive Plan payment as long as she was employed when the calculations assessing whether the goals for the previous year had been met were discernable. *Id.* at 3-4, ¶ 15-17. The specific metrics she was told she had to meet to receive a bonus were (1) that she met her personal performance goals, (2) that her division met their performance goals, and (3) IQVIA as a company performed well that year. *Id.* at 4, ¶ 16. In a meeting in January 2021, plaintiff's supervisor told her that she had exceeded all of defendant's expectations for her in 2020. *Id.*, ¶¶ 18-21. Later that month, the defendant's vice president said that everyone present in a meeting plaintiff attended had earned his or her bonus. *Id.* at 5, ¶ 22.

Plaintiff voluntarily left IQVIA at the end of January 2021. *Id.*, ¶ 24. At the end of the first quarter of 2021, plaintiff was not paid a bonus, and defendant has not paid plaintiff a bonus for her work in 2020. *Id.* at 5, 6, ¶ 25, 29.

In May 2021, plaintiff filed suit. *See generally id.* Plaintiff alleges that defendant violated the Colorado Wages Claim Act, Colo. Rev. Stat. § 8-4-101 to -124 ("CWCA"), by withholding the bonus she earned in 2020. *Id.* at 7, ¶ 37. In the alternative, plaintiff alleges that she is owed a bonus by defendant under the doctrine of promissory estoppel. *Id.* at 7-8, ¶ 41-46. Defendant moves to dismiss plaintiff's CWCA and promissory estoppel claims and moves for an award of attorney's fees it accrued defending this case based on section 8-4-110(1) of the CWCA.[2]  *See* Docket No. 8 at

---

[2] Colo. Rev. Stat. § 8-4-110(1) states that attorney's fees may be awarded to employers in some cases where the employee does not recover under the Act. As the

2

10-11.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible." *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)). Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted). However, a plaintiff still must provide "supporting factual averments" with her allegations. *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." (citation omitted)). Otherwise, the Court need not accept conclusory allegations. *Moffet v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and

---

plaintiff's recovery is not determinable, the section of defendant's motion requesting attorney's fees will be denied without prejudice.

alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alterations omitted).

### III. ANALYSIS

#### A. Documents Outside the Pleadings

Defendant relies on three documents outside of the pleadings in its motion to dismiss plaintiff's claims and in its reply to plaintiff's opposition brief. *See* Docket Nos. 8-1, 26-1, 26-2. Defendant attaches plaintiff's signed offer of employment letter to the motion as evidence of an agreement between plaintiff and defendant on the terms of the Incentive Plan. Docket No. 8-1. In its reply, defendant attaches the "IQVIA's 2020 Annual Incentive Rules Document," which it alleges "fully explain[s]" the agreement that was "outlined" by the offer of employment and an email that plaintiff "would have received" providing access to the Rules Document. Docket No. 26-1, 26-2. Generally, if a court considers matters outside the complaint in deciding a Rule 12(b)(6) motion, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P 12(d). However, "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the

4

plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). Defendant argues that plaintiff references the Incentive Plan in her complaint and that the court should consider its exhibits as an articulation of the "entire agreement between the Parties regarding the Incentive Plan." Docket No. 26 at 6.

The complaint references an Incentive Plan that was provided to plaintiff in a series of oral agreements. Docket No. 1 at 3, ¶¶ 13-14. Plaintiff does not mention the offer letter that defendant attaches to its motion or any written document that contains her terms of employment. *Id.* at 3-4, ¶¶ 13-17. Moreover, the fact that defendant's motion claimed that terms of the Incentive Plan were contained in the offer letter attached as Exhibit A, Docket No. 8-1 at 1-3, but defendant's reply brief claims that the "entire agreement," Docket No. 26 at 6, regarding the Incentive Plan is actually found in the Rules Document attached as Exhibit E, Docket No. 26-1 at 1, is emblematic of the material issues of disputed fact that concern what documents contain the terms of the Incentive Plan and what knowledge plaintiff had of those documents. Thus, the Court will not consider the documents defendant asks the Court to consider.

### B. Colorado Wage Claims Act

Defendant seeks to dismiss plaintiff's claim under the CWCA. *See* Docket No. 8 at 4. Defendant argues that plaintiff's bonus was discretionary and not earned, vested, and determinable. *Id.* at 6-7. Plaintiff argues that the bonus was not discretionary and that the bonus had been earned and vested upon plaintiff's departure. *See* Docket No. 19 at 13. Plaintiff alleges that the bonus was earned in January and any language

seeking to withhold the bonus is void as a matter of law. *Id.* at 5.

The CWCA states that, "[w]hen an interruption in the employer-employee relationship by volition of the employer occurs, the wages or compensation for labor or service earned, vested, determinable, and unpaid at the time of such discharge is due and payable immediately." Colo. Rev. Stat. § 8-4-109(1)(a). The CWCA further defines "wages or compensation" as:

> (I) All amounts for labor or service performed by employees, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculating the same or whether the labor or service is performed under contract, subcontract, partnership, subpartnership, station plan, or other agreement for the performance of labor or service if the labor or service to be paid for is performed personally by the person demanding payment. *No amount is considered to be wages or compensation until such amount is earned, vested, and determinable, at which time such amount shall be payable to the employee pursuant to this article*.
>
> (II) *Bonuses or commissions earned for labor or services performed in accordance with the terms of any agreement between an employer and employee*.

Colo. Rev. Stat. § 8-4-101 (emphasis added). Furthermore, "[n]othing in [Colo. Rev. Stat. § 8-4-109(1)] shall . . . require the payment at the time employment is severed of compensation not yet fully earned under the compensation agreement between the employee and employer, whether written or oral." Colo. Rev. Stat. § 8-4-109(2). To demonstrate a CWCA violation, plaintiff must show that her bonus was earned, vested, and determinable at the time she left.

The Court finds that plaintiff has sufficiently alleged her bonus was earned, vested, and determinable at the time she resigned. Plaintiff alleges the bonus was determined based on the work completed in the 2020 calendar year and that it would

be awarded if three conditions were met: (1) the plaintiff achieved her individual goals, (2) her department reached their goals and (3) the company did well as a whole. Docket No. 1 at 4, ¶ 16.  Plaintiff alleges all three were met when her supervisor told her she had earned her bonus in January 2021.  *Id.*, ¶ 18-21.

Defendant argues that plaintiff did not earn her bonus because the parties' agreement required that plaintiff be employed in good standing at the time of payment, and plaintiff resigned before bonuses were paid in March 2021.  Docket No. 8 at 2.  Defendant bases this argument on one of the documents the Court has declined to consider.  *See id.* (quoting Docket No. 8-1 at 2).  Plaintiff's complaint does not allege that there is a requirement that she be employed at the time bonuses were paid.  *See* Docket No. 1 at 3-4, ¶¶ 14-17.  Her complaint alleges that the only requirements for plaintiff to earn her bonus at the end of the calendar year were that her personal goals, the division goals, and the company wide goals needed to be met.  *Id.* at 4, ¶ 16.  Accordingly, defendant's argument must be rejected based on the contrary allegations in plaintiff's complaint.  Defendant has not established that the complaint fails to plausibly allege that plaintiff earned her bonus.

### C.  Promissory Estoppel

The elements required for a claim of promissory estoppel are "(1) the promisor made a promise to the promisee; (2) the promisor should reasonably have expected that promise would induce action or forebearance by the promise; (3) the promisee in fact reasonably relied on the promise to the his detriment; and (4) the promise must be enforced to prevent injustice."  *Peace v. Parascript Mgmt., Inc.*, 59 F. Supp. 3d 1020, 1029 (D. Colo. 2014).  Plaintiff alleges defendant promised to pay her Incentive Plan

payments for the 2020 year.  *See* Docket No. 1 at 7-8, ¶ 42.  Plaintiff alleges that defendant should have known she would act in reliance on that promise and that she did act in reliance by meeting her goals for the year.  *Id.* at 8, ¶ 43-44.  Finally, plaintiff alleges that defendant must pay her under the Incentive Plan to avoid injustice.  *Id.,* ¶ 45.

Defendant argues that plaintiff's promissory estoppel claim fails because the employment letter plaintiff signed supersedes any promise made outside of the agreement.  *See* Docket No. 8 at 10.  Defendant's argument is based on a document outside of the pleadings.  For the reasons explained above, the Court declines to consider that document and therefore defendant's argument fails.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) [Docket No. 8] is **DENIED**.  It is further

**ORDERED** that Plaintiff's Motion Seeking Leave to File Sur-Reply in Opposition to Motion to Dismiss [Docket No. 27] is **GRANTED**.

DATED September 28, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge